Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ R. CAPÓ FONT<br><br>Recurrido<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Peticionario | KLCE202301174 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Sobre:  Daños y Perjuicios<br><br>Caso Núm.:<br>AR2022CV00395 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de enero de 2024.

El **23 de octubre de 2023** el Estado Libre Asociado de P.R. (ELA), nos presenta un recurso de *certiorari*, en el cual, solicita la revisión de la *Resolución* emitida y notificada el 24 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), que dejó sin efecto la *Sentencia* emitida el 1 de junio de 2023 que declaró la paralización de los procedimientos en virtud del interdicto permanente que dispone la Orden de Confirmación, y en consecuencia, autorizó la *Demanda Enmendada.* El TPI determinó que, conforme a la Orden de Modificación emitida por la juez Laura Taylor Swain el 20 de octubre de 2022, se permitía la litigación de casos en daños y perjuicios al amparo de la *Ley de Pleitos contra el Estado,* como el presente.

El **6 de septiembre de 2023** el ELA presentó una *Reconsideración a Resolución Reapertura,* en la cual, el 20 de septiembre de 2023, notificada el 21 de septiembre de 2023, el TPI emitió una *Resolución,* en la que denegó la solicitud de

reconsideración y determinó que en la reclamación del señor José E. Capó Font existen dos causas de acción (parte recurrida o señor Capó Font).

El **16 de noviembre de 2023**, la parte recurrida presentó su escrito en oposición.

Examinada la posición de ambas partes **denegamos** expedir el auto de *certiorari* solicitado.

**-I-**

El **8 de marzo de 2022** el señor Capó Font presentó una acción en daños y perjuicios contra el Departamento de Corrección y Rehabilitación (DCR), la Oficina de Servicios con Antelación a Juicio (OSAJ), la Policía de PR y varios demandados de nombres desconocidos. En resumen, adujo que el 25 de marzo de 2021, en horas de la madrugada, funcionarios del DCR y/o la OSAJ irrumpieron en su residencia y, sin identificarse, abrieron la puerta, a pesar de que se les requirió que se identificaran. Alegó que los funcionarios realizaron varias detonaciones con armas de fuego, ocasionándole una herida en su hombro derecho. Argumentó que los funcionarios no cumplieron con los protocolos administrativos aplicables y dispararon de forma negligente, sin preocuparse por su seguridad ni la de su hijo, quien presuntamente se encontraba en el interior de la residencia. Arguyó también que la Policía entró a su residencia sin una orden de allanamiento e incautaron diez armas y rifles, con un valor en el mercado de $8,000.00; por lo cual, solicitó una restitución de esa cantidad. También, alegó daños físicos y emocionales que se cuantifican en la cantidad de $150,000.00.

El **7 de abril de 2022** el señor Capó Font informó el diligenciamiento del emplazamiento al Estado.

El **26 de mayo de 2022** el ELA presentó un *Aviso de Injunction Permanente Prohibiendo la Litigación del Presente Caso y Sobre el Requisito de Presentar una Solicitud de Gastos*

*Administrativos ante el Tribunal de Título III.* Adujo que, en este caso, opera el *injunction* descrito en el párrafo 59 de la Orden de Confirmación emitido por el Tribunal de Distrito el 18 de enero de 2022. Por lo que, en virtud del *injunction,* el caso estaba paralizado permanentemente y el TPI no tenía jurisdicción para continuar el trámite judicial. Advirtió, que el único remedio que tenía disponible el señor Capó Font en esa etapa del caso, de la restructuración de la deuda del Gobierno de Puerto Rico bajo el Título III del estatuto *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), era la presentación de una *Solicitud de Gastos Administrativos* ante la Corte de Título III, conforme establece la Orden de Confirmación.

El **1 de junio de 2022**, notificada el 6 de junio de 2022, el TPI emitió una *Sentencia,* en la que decretó la paralización de los procedimientos en el presente caso y ordenó el archivo administrativo.

No obstante, el **7 de agosto de 2023** el señor Capó Font presentó una *Moción Solicitando la Reapertura y Continuación de los Procedimientos.* Allí, expuso que el 20 de octubre de 2022 la juez Laura Taylor Swain emitió una Orden de Modificación a la Orden de Confirmación, en la que dispuso que el interdicto permanente establecido en el párrafo 59 no aplicaría a las reclamaciones instadas en virtud de la *Ley de Pleitos contra el Estado,* cuando estas no excedan los límites estatutarios de $75,000.00 y $150,000.00; por lo cual, arguyó que el presente caso ya no estaba afectado por el interdicto permanente, en la medida que se trataba de una reclamación *post-petición* sobre daños y perjuicios, al amparo de la *Ley de Pleitos contra el Estado,* con varios codemandados y cuya cuantía no excedía los límites estatutarios. Así, solicitó la reapertura de los procedimientos.

El **8 de agosto de 2023** el TPI concedió 30 días al ELA para que fijara su posición. A lo que, el **17 de agosto de 2023** el Estado presentó una *Oposición a Reapertura del Caso.* Adujo que, a pesar de la Orden de Modificación, el presente caso continuaba afectado por interdicto permanente dispuesto en la Orden de Confirmación, ya que la cuantía de $158,000.00 que el señor Capó Font reclamaba excedía los límites estatutarios. Razón por la cual, no procedía la reapertura de los procedimientos.

El **21 de agosto de 2023**, el señor Capó Font presentó una *Dúplica a Oposición a Reapertura del Caso y Solicitud de Enmienda a la Demanda.* Informó que el 3 de agosto de 2023 la Policía le devolvió las armas incautadas y que el 11 de agosto de 2023 se sometió a una intervención quirúrgica como consecuencia de los alegados hechos producto de la presente reclamación. Solicitó que se le permitiera una enmienda a la demanda para eliminar la alegación de restitución por la incautación de las armas e incluir una nueva alegación sobre la intervención quirúrgica. Entonces, la cuantía en daños se reduciría a $150,000.00. Así, presentó la *Demanda Enmendada,* en la que modificó la cuantía a $150,000.00.

El **24 de agosto de 2023**, el TPI emitió y notificó una *Resolución,* en la que dejó sin efecto la *Sentencia* de paralización, ordenó la continuación de los procedimientos y autorizó la enmienda a la demanda.

El **6 de septiembre de 2023** el ELA presentó una *Reconsideración a Resolución Reapertura,* en la que adujo que en el presente caso solo había un reclamante y no existían múltiples causas de acción, por lo que, la reclamación enmendada de $150,000.00 excedía de los limites estatutarios. En consecuencia, continuaba operando el interdicto permanente dispuesto en el párrafo 59 de la Orden de Confirmación.

El **6 de septiembre de 2023** el TPI emitió y notificó una *Orden,* en la que concedió 20 días al señor Capó Font para replicar. A lo que el recurrido, el **18 de septiembre de 2023** presentó una *Dúplica a Moción de Reconsideración.* En síntesis, arguyó que tiene dos causas de acción, una contra el DCR y otra contra la Policía.

El **20 de septiembre de 2023** —notificada el 21 de septiembre de 2023— el TPI emitió una *Resolución* en la que denegó la moción de reconsideración y resolvió que la *Ley de Pleitos contra el Estado,* dispone que cuando existan varias causas de acción a las que tenga derecho un solo perjudicado, la indemnización por los daños y perjuicios no excederá de $150,000.00. Por lo cual, consignó que el recurrido tenía dos causas de acción; a saber: una contra el DCR y sus funcionarios, por el alegado disparo y los daños físicos y emocionales, y otra, contra la Policía por el alegado allanamiento ilegal e incautación de las armas de fuego. Así, ordenó la continuación de los procedimientos.

Inconforme, el ELA acude ante nos señalando el siguiente error:

> Erró el Tribunal de Primera Instancia al concluir que el presente caso no está afectado por el interdicto permanente dispuesto en la Orden de Confirmación, y ordenar la reapertura del caso y la continuación de los procedimientos, bajo la premisa errónea de que el demandante tiene dos causas de acción como parte de su reclamación al amparo de la *Ley de Pleitos contra el Estado.*

**-II-**

**-A-**

Sabido es que el auto de *certiorari* es mecanismo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior rango.[1] Así, por

---

[1] *Mun. Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

discreción se entiende como el poder para decidir en una forma u otra, esto es, escoger entre uno o varios cursos de acción.[2]

Por su parte, la Regla 52.1 de Procedimiento Civil,[3] delimita las instancias en que habremos de atender y revisar vía *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[4]

Por otra parte, y con el objetivo de que podamos ejercer nuestra facultad discrecional —de entender o no en los méritos del asunto esbozado en el auto de *certiorari*— contamos con la Regla 40 del Reglamento del Tribunal de Apelaciones,[5] que establece los siguientes criterios:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho,*
> B. *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> C. *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> D. *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

---

[2] *García v. Asociación*, 165 DPR 311, 321 (2005).
[3] 32 LPRA Ap. V, R. 52.1.
[4] *Id.*
[5] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

> F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [6]

Por lo cual, al tener discreción judicial, este foro apelativo tiene la reserva para expedir o denegar el auto de *certiorari*; bajo el siguiente crisol:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[7]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[8]

**-III-**

Conforme a los hechos detallados y al derecho esbozado en esta Resolución, no están presentes las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos motive expedir el auto solicitado. Tampoco encontramos justificación alguna para intervenir con la resolución recurrida, a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra.*

Nada impide que el error señalado pueda ser presentado nuevamente en una apelación de resultar el ELA la parte adversamente afectada. En esta etapa temprana de los procedimientos no intervendremos con la determinación recurrida, pues la prudencia nos dicta esperar a que el TPI emita una sentencia y ver si la actual controversia prevalece o no.

---

[6] *Id.*
[7] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[8] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).

Por tal razón, denegamos la expedición el auto de *certiorari* solicitado.

### -IV-

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones